**COUNCIL TREE COMMUNICATIONS, INC., Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents**

**Google, Inc., et al., Intervenors.**

**No. 07–1454.**

United States Court of Appeals, District of Columbia Circuit.

March 26, 2009.

Rehearing En Banc Denied May 21, 2009.

**4**

Dennis Paul Corbett, David S. Keir, Shari Jenell Trigg, Lerman Senter, PLLC, Washington, DC, for Petitioner.

Daniel McMullen Armstrong, Associate General Counsel, Matthew Bradley Berry, Laurence Nicholas Bourne, Joel Marcus, Richard Kiser Welch, Deputy Associate General Counsel, Federal Communications Commission (FCC), Office of General Counsel, Deborah Ann Garza, Acting Assistant Attorney General, U.S. Department of Justice, Robert B. Nicholson, Attorney, Joseph R. Palmore, Robert J. Wiggers, Washington, DC, for Respondents.

Donna N. Lampert, Lampert, O'Connor & Johnston, PC, Washington, DC, for Intervenors.

Before: BROWN and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This petition for review was considered on the administrative record and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED** and **ADJUDGED** that we lack jurisdiction to consider petitioner's claims that the decision of the Federal Communications Commission ("FCC") to use its existing bidding rules for a particular auction was arbitrary and capricious or otherwise not in accordance with law.

Under 28 U.S.C. § 2344, "[a]ny party aggrieved by the final order" of the Federal Communications Commission has only "60 days after its entry" to seek judicial review of the order. This time limit is jurisdictional, *see, e.g., Charter Commc'ns, Inc. v. FCC,* 460 F.3d 31, 38 (D.C.Cir. 2006), and was not met in this case. Jurisdiction thus lies only if the FCC has somehow "reopened" the decision that petitioner now challenges. For this exception to apply, "[t]he Commission's intention to initiate a reopening must be clear from the administrative record." *Biggerstaff v. FCC,* 511 F.3d 178, 185 (D.C.Cir.2007). Thus, "if an agency in the course of a rulemaking proceeding solicits comments on a pre-existing regulation or otherwise indicates its willingness to reconsider such a regulation by inviting and responding to comments, then a new review period is triggered." *Kennecott Utah Copper Corp. v. Dep't of Interior,* 88 F.3d 1191, 1213 (D.C.Cir.1996) (citing *Ohio v. EPA,* 838 F.2d 1325, 1328–29 (D.C.Cir.1988)). On the other hand, "when the agency merely responds to an unsolicited comment by reaffirming its prior position, that response does not create a new opportunity for review." *Id.* (citing *Massachusetts v. ICC,* 893 F.2d 1368, 1372 (D.C.Cir.1990)). In sum, only "if in proposing a rule the agency uses language that can reasonably be read as an invitation to comment on portions the agency does not explicitly propose to change," can a party bring "a renewed challenge to the underlying rule or policy." *Public Citizen v. Nuclear Regulatory Comm'n,* 901 F.2d 147, 150–51 (D.C.Cir.1990) (citing, *inter alia, American Iron & Steel Inst. v. EPA,* 886 F.2d 390, 398 (D.C.Cir.1989)).

We have reviewed the record, and the FCC's intention to reopen the decision

petitioner challenges is not "clear." In fact, just the opposite is true, as the FCC unambiguously stated its "existing competitive bidding rules do not require modification for purposes of an auction of commercial 700 MHz Band licenses." Though the FCC sought additional comments on one company's unique proposal regarding a specific block of the bandwidth spectrum that is not at issue here, in context it is pellucid the FCC was not reopening its decision as to the entire spectrum. Nor did the FCC reopen its decision by stating that it did not find the Small Business Administration's Office of Advocacy's request for a stay of the existing rules to be "persuasive." An agency does not "reopen an issue by responding to a comment that addresses a settled aspect of some matter, even if the agency had solicited comments on unsettled aspects of the same matter." *Kennecott*, 88 F.3d at 1213. Merely acknowledging another federal entity's argument is not enough to constitute reopening, particularly when, as here, the acknowledgment is in a cursory footnote that summarily dismisses that argument.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.